MICHAEL PALMIERI *v.* INTERMAGNETICS GENERAL CORPORATION
(6498)

SPALLONE, DALY and FOTI, Js.

Argued January 18—decision released February 21, 1989

*Michael Moher,* with whom, on the brief, was *Daniel D. Skuret,* for the appellant (plaintiff).

*William F. Gallagher,* with whom, on the brief, were, *Joseph F. Trotta* and *Kerrie C. Dunne,* for the appellee (defendant).

PER CURIAM. The plaintiff, Michael Palmieri, initiated a negligence action against the defendant, Intermagnetics General Corporation, for injuries and damages sustained in a fall on the premises of Chase

Nuclear Building in Waterbury. The incident occurred when the plaintiff, in the course of his employment with Oliwa Painting Corporation, was sandblasting the walls of the Chase Nuclear Building and fell into an opening on the walkway of a machine causing injury to his left knee.

In its answer, the defendant denied control and denied that its negligence was the cause of the plaintiff's fall or that it was negligent in any respect, as alleged by the plaintiff. In its special defense, the defendant claimed that the incident was a result of the plaintiff's own negligence in that he had failed to be watchful of his movements and had failed to exercise proper care in the performance of his duties. The plaintiff's reply denied the defendant's special defense.

After a trial, the jury returned a general verdict for the defendant.

The plaintiff in this appeal claims error in the court's instructions with regard to the negligence of the defendant. The plaintiff did not object to the court's charge on the defendant's special defense of contributory negligence.

This case is controlled by the general verdict rule, which provides that if a jury renders a verdict for one party an appellate court, in the absence of relevant interrogatories,[1] will presume that the jury found every issue in favor of the prevailing party. *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202, 520 A.2d 208 (1987); *Stone* v. *Bastarache,* 188 Conn. 201, 204, 449 A.2d 142 (1982); *Colucci* v. *Pinette,* 185 Conn. 483, 489, 441 A.2d 574 (1981). The rule applies whenever a ver-

---

[1] The sole interrogatory propounded in this case gives no solace to the plaintiff. To the question, "Do you find that the plaintiff was upon the equipment with permission from Christopher Cole or Intermagnetics General Corp.?" the jury responded, "No." Such response tends to support the verdict for the defendant on its special defense of contributory negligence.

dict for one party could reasonably be rendered on one or more distinct causes of action; see *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 706, 462 A.2d 376 (1983); or *distinct defenses.* See *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964); see also *Bergmann* v. *Newton Buying Corporation,* 17 Conn. App. 268, 271, 551 A.2d 1277 (1989).

In this case, we have no way of gleaning, from the record, the basis for the jury verdict for the defendant. "We are precluded from delving into the minds of the jurors in order to ascertain the basis and the rationale underlying their decision." *Eagar* v. *Barron,* 2 Conn. App. 468, 472, 480 A.2d 576 (1984). Regardless of any errors that might have been made during the court's charge on negligence, there were no challenges to the court's charge on the defendant's special defense of contributory negligence as to which the evidence supports a verdict for the defendant. Where a jury reasonably could have reached its conclusion, its verdict should not be disturbed. *Preisner* v. *Illman,* 1 Conn. App. 264, 267, 470 A.2d 1237 (1984).

There is no error.