ROSE D. RICCIARDI *v.* RONALD E. BURNS ET AL.
(7511)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued January 16—decision released May 15, 1990

*Kimball Haines Hunt,* for the appellant (plaintiff).

*Ernest J. Mattei,* with whom, on the brief, was *Nora R. Dannehy,* for the appellees (defendants).

DUPONT, C. J. The plaintiff brought this action in negligence against the defendants, the driver and the owner of an automobile, seeking damages for injuries

allegedly suffered in an automobile accident. The defendants denied that either was negligent, denied that any acts of the defendants were the proximate cause of any of the plaintiff's alleged injuries and asserted a special defense of comparative negligence. Following the jury's general verdict for the defendants, the court denied the plaintiff's motion to set aside the verdict and rendered judgment for the defendants. The plaintiff appeals from that judgment and requests either plain error review or review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), of several alleged errors in the jury instructions.[1] The defendant argues that the general verdict rule precludes our review of the alleged errors.[2] We agree.

The general verdict rule as enunciated in case law provides: "[I]f a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202, 520 A.2d 208 (1987); *Palmieri* v. *Intermagnetics General Corporation,* 17 Conn. App. 488, 489, 553 A.2d 1167 (1989). "The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action . . . or distinct defenses." (Citation omitted; emphasis omitted.) *Palmieri* v. *Intermagnetics General Corporation,* supra, 489–90. A defendant's

---

[1] The plaintiff claims that the trial court erred in giving the jury instructions on the doctrine of sudden emergency and in giving instructions pursuant to *Secondino* v. *New Haven,* 147 Conn. 672, 165 A.2d 598 (1960). She also claims that no instructions as to two of the elements of the defendants' special defense of contributory negligence should have been given because there was no evidence introduced as to them. None of these claims was made at the conclusion of the charge and no exception was taken as to them. None of these claims merits review under either the plain error doctrine or *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973).

[2] It does not appear in the record that the defendants raised the general verdict rule in the trial court, but the issue may be addressed, nevertheless. *Hall* v. *Burns,* 213 Conn. 446, 484 n.9, 569 A.2d 10 (1990).

denial of negligence and proximate cause, and an allegation of contributory negligence as a special defense constitute separate and distinct defenses, either of which can support the jury's general verdict. *Stone* v. *Bastarache,* 188 Conn. 201, 205, 449 A.2d 142 (1982); *Farley* v. *T.R.W., Inc.,* 4 Conn. App. 191, 195A, 493 A.2d 268, cert. denied, 197 Conn. 818, 501 A.2d 388 (1985). It cannot be determined here whether the jury resolved the case on the basis of the plaintiff's failure to prove her case or on the defendants' assertion of their special defense; *Stone* v. *Bastarache,* supra, 204; or on the failure of the plaintiff to prove that her injuries were proximately caused by the defendant. *West Haven Sound Development Corporation* v. *West Haven,* 201 Conn. 305, 514 A.2d 734 (1986). The general verdict rule applies. See contra *Hall* v. *Burns,* 213 Conn. 446, 484 n.9, 569 A.2d 10 (1990) (where there was no special defense of contributory negligence and the action was brought under General Statutes § 13a-144).

The claimed instructional errors relate to the contributory negligence of the plaintiff, to the proximate cause of the plaintiff's injuries and to her claimed damages.[3] Under the general verdict rule, the plaintiff would have to prevail on her challenges as to each of the bases upon which the jury could have resolved the case. See *Stone* v. *Bastarache,* supra, 205. Because we do not review her claimed errors as to the jury instructions; see footnote 1, supra; the plaintiff can not prevail on any of those challenges.

There is no error.

In this opinion the other judges concurred.

---

[3] The plaintiff had brought two prior lawsuits against other defendants alleging injuries to the same parts of her body as in this case. The *Secondino* instruction; *Secondino* v. *New Haven,* 147 Conn. 672, 165 A.2d 598 (1960); related to the failure of the plaintiff to produce as witnesses the treating physicians who had treated or operated on the plaintiff in connection with her prior injuries.