CLARA GIARDINI ET AL. *v.* SUPERMARKETS
GENERAL CORPORATION
(8924)

DUPONT, C. J., DALY and FOTI, Js.

Argued October 29, 1990—decision released January 22, 1991

*Frederick J. Trotta,* with whom, on the brief, were *Eileen M. Condon* and *Joseph F. Trotta,* for the appellants (plaintiffs).

*Jack G. Steigelfest,* with whom, on the brief, were *John Stephen Papa* and *Constance L. Epstein,* for the appellee (defendant).

FOTI, J. The plaintiff[1] appeals from the judgment rendered, after a jury trial, for the defendant and claims that the court acted improperly in instructing the jury and in denying her motion in limine. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On September 19, 1988, the plaintiff was shopping at the defendant's Pathmark Supermarket in East Haven when she slipped and fell on some loose grapes thereby injuring her hip and shoulder.

The plaintiff alleged negligence and prayed for damages in her complaint. The defendant denied the plaintiff's allegations in its answer and asserted contributory negligence as a special defense. The plaintiff subsequently denied this assertion. Neither party requested special interrogatories, and the jury returned a general verdict in favor of the defendant. The plaintiff has

---

[1] The plaintiffs are Clara Giardini, who alleged personal injuries as a result of a slip and fall, and Luigi Giardini, who claimed deprivation of companionship, services and affection of his wife. For purposes of this appeal, we will refer to Clara Giardini as the plaintiff.

raised no issue in this appeal that relates to the defendant's special defense of contributory negligence.

The plaintiff challenges two of the court's jury instructions on the issue of notice.[2] The plaintiff is not entitled to review of this claim because of the general verdict rule.

The general verdict rule provides: "[I]f a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 202, 520 A.2d 208 (1987); *Palmieri* v. *Intermagnetics General Corporation*, 17 Conn. App. 488, 489, 553 A.2d 1167 (1989). " 'The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action . . . or distinct defenses.' (Citation omitted; emphasis omitted.) *Palmieri* v. *Intermagnetics General Corporation*, supra, 489–90." *Ricciardi* v. *Burns*, 21 Conn. App. 516, 517, 574 A.2d 260 (1990).

A defendant's denial of negligence and an allegation of contributory negligence as a special defense consti-

---

[2] One of the plaintiff's challenges to the trial court's jury instructions is that the court limited the issue of notice to constructive notice. The court indicated that the parties had agreed that the defendant had not received actual notice and stated "so we are dealing with what we call a case of constructive notice." The plaintiff argues on appeal that the court should not have taken the issue of actual notice away from the jury.

The plaintiff, however, did not file a request to charge as to the issue of actual notice, and she agreed that no evidence of actual notice had been presented at trial. This argument is illustrated in the following colloquy:

"[Plaintiff's Counsel]: Also on the issue of notice, Your Honor, the court indicated that and counsel agrees there was no actual notice. Plaintiff's counsel would agree that we could not prove actual notice but whether it was or not, I don't know, there very well may have been. The case hinges on constructive notice, however, I do not agree that there was, in fact, no actual notice. My agreement is that it was not proven in the courthouse.

"The Court: You think that's a distinction without a difference, Mr. Trotta?

"[Plaintiff's Counsel]: I think there's a difference."

tute separate and distinct defenses, either of which can support the jury's general verdict. *Stone* v. *Bastarache,* 188 Conn. 201, 205, 449 A.2d 142 (1982); cf. *Hall* v. *Burns,* 213 Conn. 446, 484 n.9, 569 A.2d 10 (1990). The general verdict rule clearly applies in this case. We cannot determine whether the jury resolved the case on the basis of the plaintiff's failure to prove that the defendant was negligent or the special defense of contributory negligence. *Ricciardi* v. *Burns,* supra, 518. If the court's instructions are proper and adequate as to any one of the defenses raised, the general verdict will stand regardless of any alleged error in the charge as to the defendant's negligence. *LaFleur* v. *Farmington River Power Co.,* 187 Conn. 339, 343, 445 A.2d 924 (1982). Because of the general verdict rule, the plaintiff would have to prevail on challenges to each of the bases on which the jury could have resolved the case. Id. On appeal, the plaintiff has made no claim relating to the defendant's special defense of contributory negligence.

Because the general verdict rule requires us to presume that the jury found for the defendant on its special defense of contributory negligence, we will not consider the plaintiff's claims of error regarding alleged errors in the instructions given or not given on notice.[3]

The plaintiff's second claim is that the trial court abused its discretion in denying her motion in limine, in which she sought in part to exclude the testimony of employees of the supermarket whose names were not timely disclosed. Even if we assume arguendo that the late disclosure claim is justified, the plaintiff failed to request a continuance. "A continuance is ordinar-

---

[3] The plaintiff's counsel alleges that the defendant's counsel spoke to a juror or jurors after the verdict and determined that "the jury did not get past the notice issue." The record is devoid of any polling of the jury or comments by any members of the jury. We will not consider matters outside the record.

ily the proper method for dealing with a late disclosure. *State* v. *Villafane,* 171 Conn. 644, 669, 372 A.2d 82 (1976), cert. denied, 429 U.S. 1106, 97 S. Ct. 1137, 51 L. Ed. 2d 558 (1977) . . . ." (Citations omitted.) *State* v. *Barrett,* 205 Conn. 437, 455, 534 A.2d 219 (1987). "A continuance serves to minimize the possibly prejudicial effect of a late disclosure and absent such a request by the party claiming to have been thus prejudiced, appellate review of a late disclosure claim is not warranted. *Kevin Roche-John Dinkeloo & Associates* v. *New Haven,* 205 Conn. 741, 748, 535 A.2d 1287 (1988); *State* v. *Miner,* 197 Conn. 298, 305–306, 497 A.2d 382 (1985)." *Rullo* v. *General Motors Corporation,* 208 Conn. 74, 79, 543 A.2d 279 (1988).

The judgment is affirmed.

In this opinion the other judges concurred.