ISSUE
Whether the court should grant the plaintiffs' motion to strike the defendant's first special defense because comparative negligence is not a proper defense in a negligence case.
FACTS
The complaint alleges that a two-car collision involving vehicles operated by the plaintiff Debra A. Flemke and the defendant Michele E. Lester was caused by the negligence of the defendant and that Debra A. Flemke suffered injuries thereby. The complaint also alleges the plaintiff Edward Flemke is the husband of Debra A. Flemke and that he incurred various expenses on behalf of his wife as a result of the collision caused by the defendant's negligence.
In her first special defense, the defendant alleges that any damages suffered by Debra A. Flemke were caused by the plaintiff's own negligence. The defendant further alleges that the amount of damages recoverable by the plaintiffs, if any, should be reduced in the proportion to which the culpable conduct attributable to Debra A. Flemke bears to the culpable conduct which otherwise caused the alleged damages.
The plaintiffs now move to strike the first special defense on the ground that comparative negligence is not a proper defense in a negligence action "as it does not answer any of the allegations of negligence made by the Plaintiff in the law suit against the Defendant." Neither party has filed a memorandum of law; the defendant has not filed an objection to the motion to strike.
DISCUSSION
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), citing Practice Book Sec. 152. "[I]f facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail." Id. (Citations omitted.) CT Page 5359
The first special defense tracks the language of General Statutes 52-572h(b) which provides that the damages recoverable by a plaintiff shall be reduced in proportion to the percentage of negligence attributable to the plaintiff. This is the doctrine of comparative negligence. See Wendland v. Ridgefield Construction Services, Inc., 190 Conn. 791, 797-98, 462 A.2d 1043
(1983). The courts of this state have approved of the practice of pleading comparative negligence as a special defense. Orselet v. DeMatteo, 206 Conn. 542, 543, 539 A.2d 95 (1988); Olshefski v. Stenner, 26 Conn. App. 220, 223, 599 A.2d 749 (1991); Ricciardi v. Burns, 21 Conn. App. 516, 517, 574 A.2d 260 (1990); Somma v. Gracey, 15 Conn. App. 371, 378, 544 A.2d 668 (1988); see also Practice Book Sec. 164.
CONCLUSION
This motion to strike is denied because comparative negligence may be pleaded as a special defense in a negligence actions. CT Page 5360