[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO STRIKE, (#118)
ISSUE
Whether the court should grant the motion to strike the CT Page 6104 special defense as to co-plaintiff Mazzotta because the special defense alleges comparative negligence on the part of the co-plaintiff Parnasso only.
FACTS
The following facts are alleged in the revised complaint #115. On February 9, 1990 co-defendant Vallerie Transportation Service ("Vallerie") was the owner of a tractor trailer which was being operated by co-defendant Donald H. Raymond as Vallerie's servant agent and employee in a generally southerly direction in the middle lane of Interstate 91 in Cromwell Connecticut. At this time and place Anthony Parnasso[1] was the owner of a motor vehicle (the "Parnasso vehicle") operated by co-plaintiff Aldo S. Parnasso ("Parnasso") in a generally southerly direction in the extreme right-hand lane of Interstate 91 in Cromwell Connecticut. Co-plaintiff Melinda Mazzotta was a passenger in the Parnasso vehicle. The vehicles collided due to the negligence of the defendants. The first count of the revised complaint alleges that Mazzotta sustained injuries because of this collision. The second count of the revised complaint alleges that Parnasso sustained injuries because of this collision.
The defendants allege in a special defense to the first count and a separate special defense to the second count that the collision was caused by Parnasso's own negligence.
The plaintiffs now move to strike the special defense to the first count because it is legally insufficient in that the negligence of Parnasso cannot be imputed to Mazzotta.
DISCUSSION
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), citing Practice Book 152. In reviewing the legal sufficiency of a pleading the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the [pleading]. Michaud v. Wawruck 209 Conn. 407, 408 551 A.2d 738 (1988)." Bouchard v. People's Bank 219 Conn. 465, 46, 7 594 A.2d 1
(1991). "[I]f facts provable under the allegations would support a defense or a cause of action the [motion to strike] must fail." Ferryman v. Groton, supra, 142 (citations omitted).
The plaintiffs argue that the special defense to the first count of the revised complaint is legally insufficient because the negligence of the operator of a motor vehicle cannot ordinarily be imputed to the passenger of the motor vehicle. CT Page 6105 Silverman v. Silverman, 145 Conn. 663, 668, 145 A.2d 826 (1958).
The defendants argue that the special defense to the first count is legally sufficient because under Tort Reform II General Statutes 52-572h damages are apportioned among all joint tortfeasors so that the comparative negligence of one co-plaintiff if proved will serve to lessen the recovery had by all co-plaintiffs against the defendants.
General Statutes 52-572h(c) provides:
 In a negligence action to recover damages resulting from personal injury wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages . . . .
The plaintiffs' cause of action is a negligence action which falls within the ambit of General Statutes 52-572h. The comparative negligence of one co-plaintiff, if proved, will serve to lessen the recovery had by all co-plaintiffs against the defendants. Thus the defendants' special defense is legally sufficient against Mazzotta.
At oral argument the plaintiffs argued that the special defense was improper under Practice Book 164[2] because it contradicted the plaintiff's allegation that the negligence of the defendants was the sole proximate cause of the collision. The court cannot consider this ground of impropriety because "grounds other than those specified should not be considered by the trial court in passing upon a motion to strike." Morris v. Hartford Courant Co., 200 Conn. 676, 682,513 A.2d 66 (1988) (citation omitted). Additionally, the courts of this state have approved of the practice of pleading comparative negligence as a special defense. Orselet v. DeMatteo,206 Conn. 542, 543, 539 A.2d 95 (1988); Olshefski v. Stenner,26 Conn. App. 220, 223, 599 A.2d 749 (1991) (under Tort Reform II); Ricciardi v. Burns, 21 Conn. App. 516, 517,574 A.2d 260 (1990); Somma v. Gracey 15 Conn. 371, 378, 544 A.2d 668
(1988) (under Tort Reform II); see also Belanger v. Village Pub I, Inc. 26 Conn. App. 509, 512-14, 603 A.2d 1173 (1992);
1 W. Moller W. Miller W. Horton, Connecticut Practice Book Annotated (3d Ed. 1989) Authors' Comments, 164, p. 334.
CONCLUSION CT Page 6106
The court denies the motion to strike because under Tort Reform II, damages are apportioned among all joint tortfeasors so that the comparative negligence of one co-plaintiff, if proved will serve to lessen the recovery had by all co-plaintiffs against the defendants.
AUSTIN, J.