[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE
The issue presented is whether the defendants' motion to strike the second count of the plaintiffs' amended complaint, alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), should be granted for failure to state a legally sufficient cause of action upon which relief can be granted in that the plaintiffs fail to allege that the defendants engaged in "trade or commerce" as required by General Statutes § 42-110b(a) or allege facts sufficient to constitute "trade or commerce" as defined in General Statutes § 42-110a(4).
The relevant facts are as follows. On March 16, 1999, the plaintiffs, Paul Barbagallo and Silvana Barbagallo, filed a five count complaint against the defendants, Rob's Automotive Inc., formerly known as Nutmeg Recovery Service, Inc. (Nutmeg), Gary F. Boehnert and Webster Bank. The defendants allegedly unlawfully repossessed the plaintiffs' vehicle. On or about March 24, 1997, the defendant Boehnert along with another unnamed employee, agent and/or representative of the defendant Nutmeg drove a tow truck onto the plaintiffs' property for the purpose of repossessing the plaintiffs' vehicle. Over the plaintiffs' requests not to remove their vehicle and to quit their premises, the defendants proceeded to attach the plaintiffs' vehicle to their tow truck. "Defendant, Gary F. Boehnert, threatened to run over anyone in the way if the police were called." (Amended Complaint, Count One, ¶ 10.) In an attempt to recapture the chattel, the plaintiff Paul Barbagallo opened the vehicle's door and "made an unsuccessful attempt to get into the vehicle and apply its brakes." (Amended Complaint, Count 1, ¶ 12.) Notwithstanding the plaintiff Paul Barbagallo's foregoing efforts, the defendants allegedly towed the plaintiffs' vehicle from the plaintiffs' premises at a high rate of speed causing property damage to the plaintiffs' vehicle, house, and planter box. CT Page 15805
In their amended complaint filed July 16, 1999, the plaintiffs allege causes of action for property damage against the defendants Boehnert and Nutmeg in count one and against the defendant Webster Bank, on the basis of respondeat superior, in count three. In count two, the plaintiffs allege a CUTPA violation against the defendants Boehnert and Nutmeg. The remaining counts are against Webster Bank.
On July 26, 1999, the defendants Boehnert and Nutmeg filed a motion to strike the second count alleging a CUTPA violation. The defendants move to strike the CUTPA count on the ground that it fails to state a legal cause of action upon which relief can be granted. In their memorandum of law in support of the motion to strike, the defendants argue that the plaintiffs fail to allege that the defendants engaged in "trade" or "commerce" as required under General Statutes § 42-110b. The defendants argue that the plaintiffs did not allege sufficient facts to constitute "trade" or "commerce" as defined in General Statutes § 42-110a(4) and that the act of repossessing a car does not amount to "trade" or "commerce." In support of their argument, the defendants cite toJacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 727,652 A.2d 496 (1995), in which the Connecticut Supreme Court held that a violation of the repossession statute; General Statutes § 42-98(a); is not a per se violation of CUTPA.
The plaintiffs have not filed an objection or memorandum of law in opposition to the defendants' motion to strike, which is the matter sub judice.
For the reasons cited below, this court finds that the plaintiffs' CUTPA count fails to state a legally sufficient cause of action in that it lacks necessary allegations that the defendants were engaged in a "trade or commerce" when they allegedly committed unfair or deceptive acts or practices. As such, this court grants the defendants' motion to strike the second count of the plaintiffs' amended complaint dated July 12, 1999.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine CT Page 15806 the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut,Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied,520 U.S. 1103, 117 S.Ct. 1106, 50 L.Ed.2d 308 (1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "[W]hat is necessarily implied [in an allegation] need not be expressly alleged." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
"Prior to the amendment of . . . Practice Book § 155 [now §10-42], a party who failed to timely file a memorandum of law in opposition to a motion to strike was deemed to have consented to the granting of the motion. . . . With the deletion of the foregoing provision from section [10-42], the failure to timely file an opposing memorandum will not necessarily be fatal and the court may therefore address the merits of the motion. However, despite the amendment to . . . Practice Book § [10-42], the filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such may still serve as a ground for granting a motion to strike." (Citation omitted; emphasis added.) Olshefski v. Stenner, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 351899 (September 27, 1990, Clark J.) (2 Conn. L. Rptr. 477, 478), rev'd on other grounds, 26 Conn. App. 220, 599 A.2d 749 (1991). See also Griffith v. Espada, Superior Court, judicial district of New Britain at New Britain, Docket No. 489998, (January 25, 1999,Robinson, J.), where the court in its discretion overlooked the plaintiff's procedural defect of failing to file an objection or memorandum of law in opposition to the defendant's motion to strike.
In examining the issue presented in the present case, this court begins with an examination of the statutory authority governing CUTPA claims. Section 42-110b(a) of the General Statutes states that "[n]o person shall engage in unfair methods CT Page 15807 of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." (Emphasis added.) General Statutes § 42-110a(4) states that "`[t]rade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." While CUTPA is remedial in nature and should be liberally construed in favor of customers and businesses, those whom the legislature intended CUTPA to benefit; General Statutes §42-110b(d); Service Road Corp. v. Quinn, 241 Conn. 630, 637-38,698 A.2d 258 (1997); "it strains credulity to conclude that CUTPA is so formless as to provide redress to any person, for any ascertainable harm, caused by any person in the conduct of any `trade' or `commerce.'" Jackson v. R. G. Whipple, Inc.,225 Conn. 705, 725-26, 627 A.2d 374 (1993). "Although privity, in the traditional contractual sense of an exchange of consideration between parties, may no longer be essential for standing under CUTPA, a claimant . . . must possess at least some type of consumer relationship with the party who allegedly caused harm to him or to her." Jackson v. R. G. Whipple, Inc., supra,225 Conn. 726-27.
Subsection (b) of General Statutes § 42-110b provides that "[i]t is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)), as from time to time amended." See also Associated Investment Co.Ltd. Partnership v. Williams Associates IV, 230 Conn. 148, 155-56
n. 11, 645 A.2d 505 (1994); Web Press Services Corp. v. NewLondon Motors, Inc., 203 Conn. 342, 362-63, 525 A.2d 57, on appeal after remand, 205 Conn. 479, 482, 533 A.2d 1211 (1987);Conaway v. Prestia, 191 Conn. 484, 492, 464 A.2d 847 (1983).
In Brandewiede v. Emery Worldwide, 890 F. Sup. 79, 81, aff'd, 66 F.3d 308 (D. Conn. 1994), the court held that "[t]here is no viable claim under CUTPA when the practice complained of isincidental to the true trade or business conducted." (Emphasis added.) See also Arawana Mills Co. v. United Technologies Corp. ,795 F. Sup. 1238, 1252-53 (D.Conn. 1992). The plaintiff inBrandewiede brought a CUTPA claim for an alleged failure to pay a finder's fee for services rendered in connection with an aircraft leasing arrangement between the defendant and a third party. Id., CT Page 15808 79. The allegations in the amended complaint in Brandewiede
stated that the defendant "was involved in the air freight and cargo business and, in that regard, was frequently involved in the purchase, sale and leasing of commercial aircraft." (Internal quotation marks omitted.) Id., 81. After reviewing evidence proffered at trial, the court found that the "defendant's conduct of leasing the aircraft was incidental to its primary business of providing overnight freight service." Id. Here, the plaintiffs' CUTPA count does not even allege that the defendants were involved in the business of repossessing, selling or leasing vehicles. As such, the plaintiffs' CUTPA count lacks the necessary allegations to state a legally sufficient claim.
"In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a `trade or business.'" (Internal quotation marks omitted.) Pergament v. Green, 32 Conn. App. 644, 655,630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). InPergament, the plaintiff business owner did not allege a valid CUTPA claim in that the plaintiff failed to allege that the acts complained of by the defendant, a prospective buyer, were performed in the course of a trade or business. Id. "Having failed to frame a cause of action under CUTPA, the plaintiff cannot prevail on this claim." Id., 655-56. As in Pergament, the instant plaintiffs also failed to allege in their CUTPA count that the defendants' unfair or deceptive acts or practices occurred in the course of "trade or commerce."
In a procedurally similar case, Quimby v. Kimberly ClarkCorp. , 28 Conn. App. 660, 670, 613 A.2d 838 (1992), the court struck the plaintiff's CUTPA claim because the count failed to contain allegations that the defendant's acts were preformed in the course of "trade or commerce." In Quimby, there was "no allegation in the complaint that the defendant advertised, sold, leased or distributed any services or property to the plaintiff." Id., 670. Like the plaintiff in Quimby, the instant plaintiffs have failed to make the requisite allegations to state a cause of action for CUTPA.
The plaintiffs neither expressly nor impliedly allege that the defendants committed unfair or deceptive acts or practices in the advertising, selling, leasing or distribution of any service or product in "trade or commerce" as required by the controlling CUTPA statutes. Hence, the plaintiffs have failed to allege a legally sufficient cause of action under CUTPA. CT Page 15809
This court hereby grants the defendants' motion to strike the plaintiffs' second count alleging a CUTPA violation on the ground that the plaintiffs fail to allege a legally sufficient cause of action for which relief can be granted. Particularly, the plaintiffs fail to allege that the defendants committed unfair or deceptive acts or practices in the course of a "trade or commerce" as required to state a cause of action under General Statutes § 42-110b(a) and as defined by General Statutes §42-110a(4). Consequently, the plaintiffs' second count fails to allege a legally sufficient cause of action for a CUTPA violation and, therefore, is stricken.
WILLIAM L. WOLLENBERG SUPERIOR COURT JUDGE