JANE BERGMANN *v.* NEWTON BUYING CORPORATION
(6355)

BORDEN, DALY and O'CONNELL, Js.

Argued October 14, 1988—decision released January 3, 1989

*William F. Gallagher,* with whom, on the brief, was *Thomas B. Pursell,* for the appellant (plaintiff).

*J. Kevin Golger,* with whom, on the brief, was *Ira H. Lippman,* for the appellee (defendant).

BORDEN, J. The plaintiff appeals from the judgment for the defendant rendered upon a general verdict by the jury. The plaintiff raises four claims of error. We conclude that the general verdict rule applies, and we find no error.

The plaintiff sued the defendant for injuries incurred when she slipped and fell in the defendant's department store. The gist of her claim, as disclosed by the evidence, was that she fell either because the floor was slippery or because there was a coat hanger on the floor which caused her feet to slip out from under her. The defendant filed a special defense of contributory negligence, namely, that the plaintiff failed to keep a proper lookout, that she was walking in a great rush which caused her to trip over her own feet, and that she failed to use reasonable care for her own safety. No interrogatories were submitted to the jury, which returned a general verdict for the defendant. After the court denied the plaintiff's motion to set aside the verdict, this appeal followed.

The plaintiff's claims of error fall into two categories: (1) a claim of evidentiary error; and (2) three claims involving the trial court's instructions to the jury. In the first category, the plaintiff claims that the court erred by granting the defendant's motion in limine, thus precluding the plaintiff from offering evidence of the defendant's refusal to permit inspection of its premises until after the surface of the floor was changed. The purpose of the excluded evidence was to lay a basis for an inference by the jury adverse to the defendant, namely, that the defendant's initial refusal and ultimate

delay in permitting the plaintiff to inspect its floor was an admission of liability by conduct. This evidentiary ruling, therefore, affected only the plaintiff's claims regarding the defendant's negligence, and not the defendant's special defense of contributory negligence.[1]

With regard to the plaintiff's three claims of instructional error, two concern only the plaintiff's claims of the defendant's negligence, and one concerns the defendant's special defense. The two that concern only the plaintiff's claims of negligence are (1) that the trial court erred by failing to charge as requested by the plaintiff "concerning the plaintiff's claim of negligence that the defendant had maintained a slippery floor," and (2) that the trial court erred by failing to charge as requested by the plaintiff regarding the inference of the defendant's negligence that could be drawn from the circumstantial evidence of the presence of a coat hanger on the floor near where the plaintiff fell. The claim of instructional error that concerned the defendant's special defense is that the court erred by failing to charge, as requested by the plaintiff, on the statutory presumption that the plaintiff was in the exercise of due care at the time of the accident.

This analysis makes it clear, therefore, that of the four claims of error on appeal, three involve only the plaintiff's allegations of the defendant's negligence, and

---

[1] At oral argument in this court, however, the plaintiff sought to supply an additional basis for the excluded evidence. This was that the jury might perceive the delay in the plaintiff's inspection of the floor as casting a shadow on the vigor with which she pursued her claim. Thus, according to the plaintiff's oral claim, the purpose of the excluded testimony was to bolster the plaintiff's credibility, and thus related both to the plaintiff's claim of the defendant's negligence and to the defendant's special defense of contributory negligence. We decline to consider this claim because it was not briefed in this court, and was not raised in the trial court. We thus review the case on the theory on which it was tried in the trial court and briefed in this court. *In re Christine F.*, 6 Conn. App. 360, 367, 505 A.2d 734, cert. denied, 199 Conn. 808, 809, 508 A.2d 769 (1986).

one involves only the defendant's special defense of the plaintiff's contributory negligence. In this situation, if the plaintiff's claim that relates only to the defendant's special defense is unsuccessful, we need not review the other three claims, because the general verdict rule would preclude such review. See *Farley* v. *T.R.W., Inc.,* 4 Conn. App. 191, 195A, 493 A.2d 268, cert. denied, 197 Conn. 818, 501 A.2d 388 (1985) (defendant's denial of negligence and allegation of contributory negligence constitute separate and distinct defenses, either of which will support a general verdict). Under the general verdict rule, if the court's actions are proper under any one of the defenses raised, the general verdict stands irrespective of any error regarding the other defenses. Id. We turn, therefore, to the plaintiff's claim of error directed to the defendant's special defense of contributory negligence.

The plaintiff claims that the court erred by failing to give the plaintiff's requested charge regarding the statutory presumption of due care provided by General Statutes § 52-114.[2] This claim is without merit.

It is not necessary for the court to instruct the jury that, under the statute, the plaintiff is presumed to have exercised due care. "[E]very purpose of the statute is served if, in a case where it applies, the court does not read it to the jury but merely charges . . . that the burden of proving contributory negligence is upon the defendant and that, if the defendant offers no evidence

---

[2] General Statutes § 52-114 provides: "In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage, it shall be presumed that such person whose death was caused or who was injured or who suffered property damage was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants."

upon that issue or if the evidence he does offer fails to prove that the plaintiff was negligent by a fair preponderance of the evidence, the plaintiff is entitled to prevail upon the issue." *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 590, 53 A.2d 296 (1947). In this case, the court instructed the jury that the defendant had the burden of proof on its special defense of contributory negligence. The court also properly defined the civil burden of proof, and it charged that if the evidence on a particular issue was in balance or equipoise, the party on whom the burden of proof rested on that issue had failed to sustain its burden of proof. Thus, the court's instructions adequately made the effect of General Statutes § 52-114 clear to the jury.

The plaintiff also suggests that the court erred by charging the jury that the plaintiff had a duty to use due care. Since the plaintiff took no exception to the charge that would cover this claim of error, we review it only to the extent that such an instruction could be viewed as inconsistent with the plaintiff's request to charge on the statutory presumption. The plaintiff offers no authority for its suggestion that it was erroneous for the court to instruct the jury that the plaintiff had a duty to use due care. The fact that General Statutes § 52-114 allocates the burden of proof on the issue of the plaintiff's due care to the defendant does not change the substantive law that the plaintiff had a duty to use such care. See *LeBlanc* v. *Grillo*, 129 Conn. 378, 385, 28 A.2d 127 (1942). It is not inconsistent with the statute to charge that the plaintiff had the duty to use due care, if the court adequately instructs the jury, as it did here, that the defendant has the burden to prove that the plaintiff failed to meet that duty.

We find nothing erroneous in the court's instructions regarding the defendant's special defense of contribu-

tory negligence. This conclusion renders it unnecessary to consider the plaintiff's other claims of error.

There is no error.

In this opinion the other judges concurred.