CAROL SADY ET AL. *v.* LIBERTY MUTUAL
INSURANCE COMPANY ET AL.
(11071)

DALY, FOTI and LAVERY, Js.

Submitted on briefs September 16—decision released November 24, 1992

*James E. Coyne* and *Colleen D. Fries,* legal intern, filed a brief for the appellant (plaintiff).

*Gregory C. Willis* and *Derby F. Anderson* filed a brief for the appellees (defendants).

LAVERY, J. The plaintiff[1] appeals from the trial court's denial of her motion to set aside a jury verdict for the defendants[2] in a negligence action. The plaintiff claims that the trial court improperly charged the jury with respect to the plaintiff's duty to act with reasonable care in the absence of a contributory negligence defense asserted by the defendants. The defendants claim that the plaintiff's arguments on appeal should be barred by the effect of the general verdict rule. We reverse the judgment of the trial court, and remand the action for a new trial.

The jury could reasonably have found the following facts. In 1986, the plaintiff, Carol Sady, and her late husband, Peter Sady, purchased a house in Norwalk.

---

[1] The plaintiff, Carol Sady, brought this action both individually and as executrix of the estate of her husband, Peter Sady.

[2] The defendants listed in the plaintiff's complaint are the Liberty Mutual Insurance Company, the Liberty Mutual Fire Insurance Company, and Robert Semsel, an insurance agent employed by one or both of the named and related insurance companies.

At about the same time, the defendants issued an insurance policy to the plaintiff and her husband. In August of 1987, Peter Sady died as the result of a work related accident. After her husband's death, the plaintiff contacted the defendant insurance companies regarding benefits that she assumed were due under a mortgage life insurance policy that she claims she and her husband had requested and purchased from the defendants. The defendants responded that the Sadys had not purchased mortgage life insurance, and that the plaintiff would not receive any benefits.

The plaintiff commenced this action in 1988, claiming that the defendants were negligent in not obtaining the type of insurance coverage that the plaintiff and her deceased husband had requested. After a jury trial, a verdict was rendered in favor of the defendants. The plaintiff moved to set aside the verdict, claiming defects in the jury instructions. That motion was denied, and the plaintiff appealed to this court.

Our well settled rules regarding the review of jury charges require that the jury instructions "be read as a whole and . . . not to be judged in artificial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict . . . and not critically dissected in a microscopic search for possible error." (Internal quotation marks omitted.) *Sullivan* v. *Norwalk*, 28 Conn. App. 449, 456, 612 A.2d 144 (1992). A proper jury charge "fairly presents the case to the jury, in such a way that injustice was not done under the rules of law to the legal rights of either litigant . . . ." (Internal quotation marks omitted.) *Nesbitt* v. *Mulligan*, 11 Conn. App. 348, 354, 527 A.2d 1195 (1987). It "must be correct in law, adapted to the issues and ample for the guidance of the

jury. . . ." Id. In order to apply this standard of review, it is necessary to examine the charge and the various objections to it raised by the plaintiff.

At the close of evidence, the court gave instructions to the jury regarding the law of negligence and the burden of proof. The plaintiff objected to the court's charging the jury, on four separate occasions, that the plaintiff was under a duty to exercise "reasonable care." During the main body of the charge, the court twice referred to a general duty of reasonable care owed by the plaintiff.

After the charge, the plaintiff's attorney took exception to the court's mention of a plaintiff's duty to behave as a reasonably prudent person in the absence of a claim by the defendants of contributory negligence. When the jury returned to the courtroom, the court attempted to clarify the charge, but noted that "the plaintiff has to use reasonable care under the . . . circumstances." The jury was dismissed for lunch, and the plaintiff's counsel objected to the recharge. After the break, but before the jury retired to deliberate, the court again attempted to clarify the issue of contributory negligence: "In accordance with my general instructions remember, as I said, it's a question of a reasonably prudent person . . . . Of course this particular case was on a . . . question of negligence. So the plaintiff had to prove a negligent act by the defendant[s], as I have defined—and of course contributory negligence, if it was proved, would have had to have been a defense by the defendant[s]. . . ." After the jury left the courtroom to begin its deliberation, the plaintiff's attorney took exception to that subsequent charge.

When the jury returned with a defendants' verdict, the court did not accept the verdict, but instead, over the objection of the defendants' counsel, asked the jury

to reconsider its verdict, saying, "If you believe that the plaintiff was guilty of any type of contributory negligence then it may be a question whether your verdict is correct or not." The court instructed the jury to send him a note if it needed further clarification. Shortly after, the jury sent a note from the jury room stating that it needed "assistance to fully understand contributory negligence."

The jury returned to the courtroom, and the court once more charged it on the issue of contributory negligence, stating that "the defendant[s] did not use a special defense of contributory negligence and he would [have] to plead it, and . . . he did not plead it . . . the negligence is only the question of the defendant[s'] negligence . . . however, the plaintiff must have been using ordinary—it had to be in the exercise of due care . . . ." The jury was excused and asked to reconsider its verdict in light of the recharge. The plaintiff's counsel again took exception. The jury returned with a defendants' verdict, and that verdict was accepted by the court.

General Statutes § 52-114[3] explicitly states that there is a presumption that the plaintiff in a negligence action was exercising reasonable care at the time of injury, and that the defendant must specially plead contributory negligence. The statute allocates the burden of proof of contributory negligence to the defendant once it has been specially pleaded. The effect of the statute

---

[3] General Statutes § 52-114 provides: "PLEADING OF CONTRIBUTORY NEGLIGENCE. In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage, it shall be presumed that such person whose death was caused or who was injured or who suffered property damage was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants."

is to "shift the burden of proving freedom from contributory negligence from the plaintiff, where it rested under the common law (*Kotler* v. *Lalley,* 112 Conn. 86, 151 Atl. 433 [1930],) and to place the burden of proving contributory negligence upon the defendant if the latter sees fit to claim it by pleading it." *LeBlanc* v. *Grillo,* 129 Conn. 378, 385, 28 A.2d 127 (1942).[4] In the present case, the defendants did not plead contributory negligence, so the plaintiff had no burden under the law to prove she exercised reasonable care; it was presumed. The court did state that contributory negligence had to be pleaded by the defendants, but it also consistently stated that the plaintiff was obligated to exercise reasonable care. By telling the jury that the plaintiff had to exercise reasonable care, the court created a burden on the plaintiff that does not exist in light of § 52-114.

Our Supreme Court has held that under § 52-114 the defendant's failure to plead contributory negligence "preclude[s] any inquiry on her part into antecedent acts of negligence by the plaintiff." *Delott* v. *Roraback,* 179 Conn. 406, 414, 426 A.2d 791 (1980). Our courts have also held that the statutory presumption of reasonable care on the part of the plaintiff does not change the substantive law, and is in no way probative. *LeBlanc* v. *Grillo,* supra; *Bergmann* v. *Newton Buying Corporation,* 17 Conn. App. 268, 551 A.2d 1277 (1989). Furthermore, under certain circumstances, it is appropriate for the court to charge that the plaintiff has a duty to act with reasonable care. "It is not inconsistent with the statute to charge that the plaintiff had the duty to use due care, *if the court adequately instructs the jury . . . that the defendant has the burden to prove that the plaintiff failed to meet that duty.*" (Emphasis added.) *Bergmann* v. *Newton Buying Corporation,* supra, 272.

---

[4] This case discussed § 1399e, which contained virtually the same language as the current law, § 52-114.

Here, in the absence of a plea of contributory negligence, the court improperly charged the jury that the plaintiff had a duty to use reasonable care, thus placing a burden on the plaintiff that she did not have. In this case the issue of the plaintiff's due care was not a proper element for the jury to consider.

We now address the defendants' contention that even if the jury charge was improper, they should still prevail due to the effect of the general verdict rule. We disagree.

"The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202, 520 A.2d 208 (1987). The defendants cannot prevail on their claim that the general verdict rule bars the plaintiff's claim because in the present case there was only one cause of action and one denial by the defendants. The general verdict rule operates to prevent an appellate court from disturbing a verdict that may have been reached under a cloud of error, but is nonetheless valid because the jury may have taken an untainted route in reaching its verdict. "The implication of a general verdict, where there are two causes of action, 'imports that the jury has found all the issues for the plaintiff, hence if one of these causes of action is supported by credible testimony the verdict must stand, although the other cause of action was not supported . . . by law, since it cannot be known that the verdict was based upon the invalid cause of action.' " *Hammer* v. *Mount Sinai Hospital,* 25 Conn. App. 702, 708, 596 A.2d 1318, cert. denied, 220 Conn. 933, 599 A.2d 384 (1991), quoting *Wladyka* v. *Waterbury,* 98 Conn. 305, 313, 119 A. 149 (1922). Here, there is only one cause of action, and only one theory of recovery. There is also only a denial asserted by the defend-

ants who elected not to plead a defense of contributory negligence. In the absence of an alternative theory of recovery or defenses, the jury could not have reached its verdict by any means other than the one affected by the improper jury instructions.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.