[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action seeking damages for injuries alleged to have been sustained while riding in a self-service elevator owned by the defendant. At the time of the incident, November 12, 1985, the elevator was newly-installed and the installing company, Otis Elevator, maintained the elevator under a service contract with the defendant.
The plaintiff alleged that, after entering the elevator alone, he pressed the button for the fourth floor. The elevator car ascended "five or six feet" and stopped. The plaintiff testified that he suffered from "claustrophobia" since he was a teenager. When the elevator stopped, the plaintiff panicked and pressed the emergency button on the operating panel. He claimed that he was thrown about the car, injuring his lower back. He further testified that he could not open the elevator doors. CT Page 5920
Testimony was presented that the elevator had been opened to the public some five days prior to the incident and that there were no service calls prior to the incident. The defendant's maintenance foreman at the time of the incident testified that upon receiving notice of the elevator alarm sounding, he went to the elevator, opened it from the outside with the elevator key, reached inside the car to disengage the emergency alarm and, thereafter, the elevator functioned without need of any repair. The maintenance foreman was neither licensed nor permitted to work on the elevator and, in fact, was required to call Otis Elevator in the event any service was required.
Upon exiting the elevator car, the plaintiff walked to the fourth floor where he had been employed for several weeks prior to the incident. He subsequently returned to the lobby of the building and requested that an ambulance be called. However, he left before the ambulance arrived and walked to the emergency room at the Hospital of St. Raphael. He was treated (one muscle relaxant, administered orally) and released after a short period of time.
The plaintiff brought this action against the Otis Elevator Company and Schiavone Realty Development Corporation. The defendant Schiavone withdrew its counterclaim for indemnification against the codefendant before the case was submitted to the jury. The sole issue of liability remaining for the jury's consideration was on the theory of res ipsa loquitur. There was no pleading of contributory negligence by the defendants.
The jury was instructed that it could return a verdict: (1) for the plaintiff against both defendants; (2) for the plaintiff solely against defendant Otis Elevator Company; (3) for the plaintiff solely against defendant Schiavone; or, (4) for the defendants. The jury found for the plaintiff against the defendant Schiavone and both parties moved to set aside the verdict.
The plaintiff filed a motion to set aside the verdict on the following grounds:
1. That it was against the evidence.
2. Error in the jury charge.
3. Rulings on the evidence. CT Page 5921
4. Failure to charge as requested.
5. Contrary to law.
 6. Court's conduct at trial prejudiced the jury against plaintiff and thereby denied plaintiff a fair trial.
7. Court's denial of plaintiff's motion for a mistrial.
Defendant Schiavone filed a motion to set aside the verdict entered against it on the ground that there was insufficient evidence to hold the defendant negligent and liable for the plaintiff's accident.
The court is of the opinion that the plaintiff's motion to set aside the verdict must be granted on the grounds that the court erred in its charge to the jury. Moreover, the court concludes that its error in the charge was prejudicial to the parties, misled the jury and therefore resulted in an improper verdict.
The motions were filed in accordance with the provisions of § 52-228b, General Statutes, and § 320 of the Practice Book. A motion to set aside the verdict "allows the trial court, in the less hectic atmosphere of a posttrial proceeding, to reconsider its rulings and if they are determined to have been erroneous as well as harmful, to grant a new trial without the necessity of an appeal. . . ." Saporoso v. Aetna Life Casualty Co.,221 Conn. 356, 363 (1992). A trial judge may grant a motion to set aside the verdict because of error in his charge to the jury. (Citations omitted.) Sciola v. Shernow 22 Conn. App. 351, 360, cert. denied, 216 Conn. 815 (1990).
Nevertheless, setting aside a jury verdict must be carried out "with great caution, and only if [the court] is entirely satisfied, upon an authoritative or statutory basis, that [it] has committed unmistakable error that has caused unquestionable harm."Id.
When charging the jury, "`[t]he trial court has a duty to submit to the jury no issue upon which the evidence would not reasonably support a finding.'" (Citations omitted.) The court however, submit to the jury all "`issues as outlined by the pleadings and as reasonably supported by the evidence.'"Goodmaster v. Houser, 225 Conn. 637, 648 (1993). CT Page 5922
Furthermore, the jury instruction "`must be correct in law, adapted to the issues and ample for the guidance of the jury. . . .'" (Citation omitted.) Sady v. Liberty Mutual Ins. Co.,29 Conn. App. 552, 554-55 (1992[)].
In this case, the plaintiff claims in his motion to set aside the verdict that the court's charge to the jury on the doctrine of res ipsa loquitur was improper. That doctrine "allows the jury to infer negligence based on the circumstances of the incident even though no direct evidence of negligence has been introduced."Giles v. New Haven, 228 Conn. 441, 446 (1994), citingMalvicini v. Stratfield Motor Hotel, Inc., 206 Conn. 439,441-42 (1988).
The doctrine's purpose is "to relieve the plaintiff of the burden of proving a specific act of negligence." Giles,supra, at 453-54 n. 3. The issue of "[w]hether the doctrine applies in a given case is a question of law for the court." (Citation omitted.) Id., 447 In Giles, the court observed that the common law doctrine
 applies when three conditions are satisfied: (1) [t]he situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user; (2) [b]oth inspection and user must have been at the time of the injury in the control of the party charged with neglect; (3) [t]he injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured.
(Citations omitted.) Id., 446-47.
After setting forth the common law elements of the doctrine, the Connecticut Supreme Court modified the doctrine in light of the requirements of General Statutes § 52-114 which creates a presumption that an injured party was in the exercise of due care at the time of the alleged negligent conduct. That statute further requires that [i]f contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant . . . and the burden of proving such contributory negligence shall rest upon the defendant. . . ." See, Mauro v. Yale-New Haven Hosp. , CT Page 592331 Conn. App. 584, 593-94 (1993) (noting that the defendant was not entitled to a contributory negligence charge because he did not plead it as a special defense); Sady v. Liberty Mutual Ins. Co.,29 Conn. App. 552, 558 (1992) (holding that "the issue of the plaintiff's due care was not a proper element for the jury to consider.") Also, see Practice Book § 164.
While a plaintiff "may waive these [procedural] rights by alleging in his complaint his own due care" (citations omitted),Petrillo v. Maiuri, 138 Conn. 557, 563 (1952), this was not done in the instant case. Nor did the defendant affirmatively plead the defense of contributory negligence. Although the Giles
decision, in modifying the doctrine, held that "[i]f a trial court determines that the doctrine of res ipsa loquitur is applicable, it should thereafter instruct the jury to compare the negligence of the plaintiff, if any, with that of the defendant to decide what percentages to attribute to each party consistent with the comparative negligence statute", that doctrinal refinement cannot apply absent any pleading of the special defense. Giles,supra, at 455.
The defendant Schiavone Realty Development Corporation made no offer of proof during the trial to show contributory negligence on the part of the plaintiff. The court's focus on the modified doctrine of res ipsa loquitur during its charge to the jury failed to adequately consider the pleadings in the case. The jury was entitled to a charge under the common law doctrine of res ipsa loquitur based on the pleadings and the proof submitted at trial.
The court finds that its jury charge as given caused the plaintiff "unquestionable harm," Sciola v. Shernow,22 Conn. App. 351, 360 (1990), and the plaintiff's motion to set aside the verdict is granted because of error in the jury charge. A new trial is ordered as to the issues in dispute between the plaintiff and the defendant Schiavone Realty Development Corporation.
The case must be re-assigned for trial before another court since the plaintiff has alleged prejudicial conduct by the court.
The court finds that it need not consider the issues raised in the defendant's motion to set aside the verdict since the ruling on the plaintiff's motion renders the defendant's motion moot.
BY THE COURT: LEANDER C. GRAY, JUDGE CT Page 5924