[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants Joel B. Singer, M.D., and Reconstructive Plastic Surgery P.C. move to dismiss this action for lack of service of process. The sheriff, in his return and in his affidavit in opposition to the motion to dismiss, contends that he served Dr. Singer personally and as statutory agent for the CT Page 1486-F corporate defendant by in-hand service at the defendants' office in Westport. In his affidavit, Dr. Singer denied this.
Generally the burden of proof is on the defendant with respect to jurisdictional issues raised by the defendant; this is because of the presumption of the truth of the facts stated in the officer's return. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53 (1983). However, the return may be contradicted and the court may find contrary to the return.Hasler v. T.H. Canty Co., 138 Conn. 341, 343 (1951).
Clearly, the contentions of Dr. Singer and Deputy Sheriff Maher are directly contrary. The court has no basis on which to resolve the discrepancy. In such an instance, where the evidence is in equipoise, the law requires that the issue be decided against the party which has the burden of proof on the issue. Bergmann v. Newton Buying Corporation, 17 Conn. App. 268,272 (1989). The defendants have failed to sustain their burden of proof with respect to the issue of service of process. The motion to dismiss is therefore denied.
VERTEFEUILLE, J. CT Page 1486-G