[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Steven R. Poulin, filed a three-count second amended complaint against the defendants, Dr. Robert S. Yasner and Merck Company, Inc. (Merck), seeking damages for claims based on medical malpractice, breach of contract and products liability. In the first count, the plaintiff essentially alleges that Yasner, while acting as the plaintiff's primary treating physician, was negligent in failing to properly diagnose and treat the plaintiff's pancreatitis and alcoholism. As a proximate result of Yasner's alleged negligence, the plaintiff claims that he almost died and has suffered and will continue to suffer great physical, mental and emotional pain and anguish. In the second count, which is also directed at Yasner, the plaintiff alleged that Yasner breached his contract with the plaintiff to provide proper and adequate medical services and is liable for all the damages that naturally flow from that breach.
In the third and final count, which is based on the products liability statute, General Statutes § 52-572q,[1] the plaintiff alleges that defendant Merck, the manufacturer of the Pepcid that was administered to the plaintiff by Yasner, provided inadequate warnings or failed to warn the plaintiff and inform the plaintiff's physician that the Pepcid in question was dangerous, or potentially dangerous, to victims or potential victims of pancreatitis. In addition, the plaintiff claims that Merck designed Pepcid in a defective manner, breached an implied warranty of merchantability, and breached an express warranty that Pepcid was safe and effective for its intended use. The plaintiff now seeks compensatory damages, punitive damages and reasonable attorneys fees.
Defendant Yasner filed an answer and special defense, denying the plaintiff's allegations of negligence and breach of contract and alleging that the plaintiff was contributorily negligent. In his revised special defense, Yasner alleges that "[t]he negligence of the Plaintiff was the sole proximate cause or a proximate contributing cause of the damages of which complaint is made, in one or more of the following ways, in that he: a. drank excessive amounts of alcohol, when he knew or should have known that this consumption was harmful to his health; b. failed to take reasonable care of his health and well-being; c. failed to CT Page 1791 provide the defendant with a complete and accurate history; d. failed to follow the defendant's warnings and/or instructions regarding alcohol use; [and] e. failed to seek timely medical care and treatment."
The plaintiff has filed a motion (#216) to strike the defendant's revised special defense on the grounds that: (1) it violates Practice Book § 164; (2) it does not state a claim upon which relief can be granted; (3) it impermissibly shifts the burden to the plaintiff in violation of the defendant's "fiduciary and special relationship with plaintiff"; and (4) the plaintiff had no duty to diagnose his own ailments.[2]
A motion to strike is properly used to contest "the legal sufficiency of any answer to any complaint . . ., including any special defense contained therein." Practice Book § 152(5);Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "[I]f the facts provable under its allegations would support a defense or cause of action, the motion to strike must fail." Mingachos v.CBS. Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985).
The plaintiff argues that the defendant's revised special defense is legally insufficient and violates Practice Book § 164 because the allegations in the special defense are not consistent with the plaintiff's complaint. Practice Book § 164 provides in pertinent part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." (Emphasis added.).
"In any action to recover damages for negligently causing . . . personal injury . . . it shall be presumed that such person . . . who was injured . . . was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant . . . and the burden of proving such contributory negligence shall rest upon the defendant or defendants." General Statutes § 52-114; Practice Book § 167. "Thus, there is a presumption of reasonable care on the part of the injured party that the defendant has the burden of overcoming, and the failure of a defendant in a negligence action to plead contributory negligence as an affirmative defense precludes any inquiry into CT Page 1792 negligent acts by the plaintiff." Bradford v. Herzig,33 Conn. App. 714, 719, 638 A.2d 608, cert. denied, 229 Conn. 920,642 A.2d 1212 (1994).
The plaintiff's medical malpractice claim against Yasner is based on negligence.
The Appellate Court has determined that "[i]n situations where the claim of malpractice sounds in negligence, . . . the defense of comparative negligence should be made available. . . ." Sommav. Gracey, 15 Conn. App. 371, 378, 544 A.2d 668 (1988) (comparative negligence held a valid special defense to legal malpractice). The defendant essentially alleges in his special defense that the plaintiff caused or contributed to his own injuries by failing to exercise reasonable care to avoid harm to himself. Because Yasner seeks to rely upon contributory negligence as a special defense, rather than simply prove that the plaintiff's statements of fact are untrue, he is required by Practice Book § 164, along with Practice Book § 167 and General Statutes § 52-114, to affirmatively plead contributory negligence in his answer and specify the negligent acts or omissions on which he relies. Unless Yasner alleges contributory negligence as a special defense, he will be precluded from introducing evidence as to the plaintiff's alleged negligent acts. Bradford v. Herzig, supra, 33 Conn. App. 719. Accordingly, Yasner's special defense based on contributory negligence is appropriate under Practice Book § 167 and General Statutes § 52-114 and does not violate Practice Book § 164.
The plaintiff also argues that the defendant's special defense fails to allege facts sufficient to establish a duty owed by the plaintiff to the defendant and impermissibly shifts the burden of proof to the plaintiff. "[C]ontributory negligence . . . is the duty of the plaintiff to exercise reasonable care to avoid harm to herself." Olshefski v. Stenner,26 Conn. App. 220, 222, 599 A.2d 749 (1991) (defendant introduced sufficient evidence from which the jury could have concluded that the plaintiff's conduct in approaching the dog constituted an undue risk of harm to herself). "`[T]he fact that General Statutes § 52-114 allocated the burden of proof on the issue of the plaintiff's due care to the defendant does not change the substantive law that the plaintiff had a duty to use such care."Goodmaster v. Houser, 225 Conn. 637, 649-50 n. 10, 625 A.2d 1366
(1993), quoting Bergmann v. Newton Buying Corp.,
CT Page 179317 Conn. App. 268, 272, 551 A.2d 1277 (1989). Therefore, "`[i]t is not inconsistent with the statute to charge that the plaintiff had the duty to use due care, if the court adequately instructs thejury . . . that the defendant has the burden to prove that theplaintiff failed to meet that duty.'" (Emphasis in original.)Sady v. Liberty Mutual Ins. Co., 29 Conn. App. 552 557,616 A.2d 819 (1992), quoting Bergmann v. Newton Buying Corp., supra,17 Conn. App. 272.
Again, the defendant essentially alleges that the plaintiff was negligent in failing to exercise reasonable care to avoid harm to himself. Although there is a presumption of reasonable care on the part of the injured party under General Statutes § 52-114, which the defendant has the burden of overcoming, the plaintiff still has a duty to exercise due care to avoid harm to himself. Goodmaster v. Houser, supra, 225 Conn. 649-50 n. 10 (allegations that the plaintiff had failed to keep a proper lookout for other traffic, had failed to keep her vehicle under reasonable control, and had failed to apply the brakes or steer so as to avoid the accident sufficient to support the special defense of contributory negligence). Accordingly, the defendant has stated a valid special defense, pursuant to General Statutes § 52-114 and Practice Book § 167, based on the plaintiff's duty to exercise reasonable care to avoid harm to himself. Furthermore, because the defendant has the burden to prove that the plaintiff failed to meet that duty, the defendant's allegations of contributory negligence do not impermissibly shift the burden of proof to the plaintiff.
Finally, the plaintiff argues that he had no duty to diagnose his own ailments and, therefore, that the defendant's special defense should be stricken because it impermissibly attempts to impose a duty on the plaintiff to diagnose and treat himself. The plaintiff's reliance on Davis v. Eckhardt, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 027607 (March 6, 1978, Levister, J., 4 Conn. L. Trib., No. 16, p. 13), is misplaced. In Davis, the plaintiff alleged that the defendant physician was negligent in failing to properly diagnose and treat the condition of the plaintiff's decedent. In his answer, the defendant alleged by way of a special defense that the plaintiff was contributorily negligent in failing to follow the advice of the defendant to see another doctor "if the decedent noticed changes or problems with respect to the areas in question of if he became concerned about it." Id. The court sustained the plaintiff's demurrer and found that the defendant CT Page 1794 had impermissibly "attempted to transfer to the plaintiffs decedent, the burden and responsibility which the defendant had rightfully assumed when he first consented to undertake the treatment of the plaintiff's decedent." Id. The court concluded that the allegations in the defendant's special defense involved a failure by the decedent to diagnose his own ailments, rather than a simple failure to follow the defendant's advice, because it required the plaintiff to make a judgment or determination of "`changes in the area in question.'" Id., 13-14.
In the present case, unlike in Davis, the defendant does not attempt to place the burden on the plaintiff to diagnose his own ailments. Instead, the defendant alleges in his revised special defense that the plaintiff caused or contributed to his own injuries for the reasons previously enumerated. These allegations do not require the plaintiff to make a judgment or determination regarding his medical condition, and, therefore, do not amount to a claim that the plaintiff failed to diagnose his own ailments.
Based on the foregoing, the defendant has alleged a legally sufficient special defense based on contributory negligence. "If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant and he shall specify the negligence acts or omissions on which he relies." Practice Book § 167. Accordingly, the plaintiff's motion to strike the defendant's revised special defense is denied.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of February, 1997.
William B. Lewis, Judge